NOV 14 2007

# BRICCETTI, CALHOUN & LAWRENCE, LLP
### ATTORNEYS AT LAW
81 MAIN STREET
SUITE 450
WHITE PLAINS, NEW YORK 10601

VINCENT L. BRICCETTI*
CLINTON W. CALHOUN, III**
KERRY A. LAWRENCE◆

*ALSO ADMITTED IN CT
**ALSO ADMITTED IN VA & DC

(914) 946-5900

FAX (914) 946-5906

November 14, 2007

**MEMO ENDORSED**

**VIA FAX**
Hon. Kenneth M. Karas
United States District Court Judge
U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Re: USA v. Philip Etkin
    Docket No. 07 CR. 913 (KMK)

Dear Judge Karas:

    I am writing to seek the Court's assistance in connection with the bail modification hearing scheduled for Friday, November 16. At that hearing I will be asking the Court to terminate Mr. Etkin's home detention and electronic monitoring and reduce the frequency of his personal visits to Pretrial Services here in White Plains. Since his arrest on September 28, 2007 Mr. Etkin has been fully compliant with each and every condition of his pretrial release and has given no indication to anyone that he is presently a danger to himself or others. As will be disclosed at Friday's hearing, not only is home detention and electronic monitoring unnecessary, it is creating a growing problem for Mr. Etkin and his family. The Government has agreed that absent an indication of dangerousness that home detention and electronic monitoring is unnecessary.

    Specifically, I am seeking an order from the Court directing Pretrial Services to remove an existing restriction that prevents my client's therapist, Irene Caccese, from communicating with me about my client's treatment and progress. Mr. Etkin has authorized Ms. Caccese to speak with me but Pretrial Services has directed her not to do so. This restriction is interfering with my ability to defend Mr. Etkin and Mr. Etkin's right to effective assistance of counsel.

    Prior to the last conference on November 2, I had a brief conversation with Ms. Caccese, whom Mr. Etkin had been seeing for counseling. Ms. Caccese is under contract with Pretrial Services. During this conversation, Ms. Caccese informed me that she had seen Mr. Etkin on two occasions and that he was focused, grounded, and did not appear to be a danger to himself or others. When I attempted to reach her again the following day she did not return my call.

Hon. Kenneth M. Karas
United States District Court Judge
November 14, 2007
Page Two

Since that day I have been informed by Pretrial Services that the therapists contracted to provide counseling to defendants are directed not to communicate directly with defense counsel or government counsel. I have been informed that the reason Ms. Caccese did not return any of my several telephone messages is that she had been directed not to do so by Pretrial Services. However, Pretrial Services has not told me <u>why</u> they have this policy.

While it is entirely appropriate for a defendant's therapist not to disclose the substance of any communications with a criminal defendant to the prosecutor, it is wholly inappropriate that the same restriction be placed with regard to defense counsel given the Sixth Amendment implications of such a restriction.

It is important to Mr. Etkin's defense that I be permitted to engage in a meaningful conversation with my client's therapist about his treatment. My client wishes Ms. Caccese to do so. The fact that the therapist treating my client is being paid for by the government does not change the fact that it is the defendant who is her client, not Pretrial Services. Ironically, the therapist probably should be reporting only to me, and not Pretrial Services about the substance of his communications with her. Had my client been seeing a therapist of his own choosing, it is clear that with his consent I could be in regular communication with her.

Despite my having expressed the above-noted concerns to Pretrial Services, I have been advised that the defendant's therapist will continue to be directed not to engage in any direct communication with me.

It is respectfully requested that the Court direct Pretrial Services to immediately remove the restriction it has imposed on Ms. Caccese regarding her communications with me. Mr. Etkin is next scheduled to see Ms. Caccese tomorrow morning and I would like to be able to speak with her in advance of Friday's bail hearing.

Respectfully,

Kerry A. Lawrence

cc: Vincent Adams, Pretrial Services Officer
John Collins, A.U.S.A.
Irene Caccese

*[Handwritten annotation:]* The Court has asked for and received the Treatment Progress Report Ms. Caccese prepared on October 30, 2007. A copy will be made available only to Mr. Lawrence and Mr. Etkin at this time and the Court will take up the remainder of Mr. Etkin's application on November 16, 2007.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
11/14/07