UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                       :

UNITED STATES OF AMERICA         :      07 Cr. 913 (KMK)
                       :

        - against -            :

                       :

PHILIP ETKIN,                 :

                 Defendant.  :

                       :
------------------------------------------------------------x

## REPLY AFFIRMATION IN SUPPORT OF PRE-TRIAL MOTION

       PHILIP ETKIN, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1.     From the time I communicated with my wife Bess via email on March 13, 2007 up through and including the date of my arrest on September 28, 2007, I was not permanently separated from my wife.

2.     Neither I nor my wife Bess has at any time filed for divorce and do not intend to.

3.     It was my intent on March 13, 2007 and continues to be my intent to reconcile my marriage with Bess and I hope to be able to live with her and my children.

4.     Neither Bess nor I have proposed any property settlement and I did not consider on March 13 nor do I now consider our marriage to be irretrievably broken.

5.     While at times since October, 2006, I have slept at my parents home and at a residence in Roscoe, New York I have at all times remained in communication with Bess, would see her and speak to her on a daily basis and continued to do so up through the date of my arrest in this case.

6.     Prior to reading the Government's papers filed in response to my motion I had no idea that my email communications made on my computer at work were subject to being

reviewed. I had never read or reviewed any of the notices or rules or regulations relating to this issue that have been filed by the government as part of their brief. I am unaware of any practice that the State Police or Sheriff's Office had to monitor and/or disclose any of my email communications. My assignment to the State Police run Task Force was a temporary assignment and I never have reviewed any of the rules or regulations that have been filed by the Government. I was also unaware that I was prohibited from using my work computer to send or receive emails to or from my wife. In fact, as far as I know it was a regular and accepted practice for individual officers to use their work email accounts and computers for personal use so long as it did not interfere with the officers work responsibilities. By doing so I did not believe that I had any less of an expectation of privacy than had I sent the email using a personal computer.

7.  Other than the notices that have been attached to the government's brief as exhibits, which I never read, I was never personally advised that I could not use my work email account for personal use. I also did not have a personal email account at the time I communicated with my wife by email on March 13, 2007.

8.  When I printed the March 13 email I never intended it to be seized or read by anyone and considered it extremely private. I also did not think that by keeping it among work related papers that were not part of an official police file that I had made the email the property of the State Police or Sheriff's Office. I also did not think that by having it in my car while I was driving on the day of my arrest that I was going to be stopped and have my documents seized. It is also my understanding that I was stopped by the F.B.I. so that they could affect the arrest warrant they had for me and that I was not being stopped for any other independent reason or claimed violation of the law.

9.    When I filed my affidavit in support of my pretrial motion and attached a copy of my March 13, 2007 email to it I did not intend to waive my privilege that was the very subject of the motion I was filing and I knew the Government already had the email and had read it.


Dated: January 10, 2008
        Roscoe, New York

_____
Philip Etkin