UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA              :     07 Cr. 913 (KMK)

       - against -                         :

PHILIP ETKIN,                         :
                               Defendant.     :

------------------------------------------------------------x

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF PRETRIAL MOTION

### DEFENDANT'S EMAIL WAS AND REMAINS PRIVILEGED

As set forth in Defendant Etkin's Reply Affirmation, contrary to the triple hearsay claim in Special Agent Presutti's affirmation, the defendant and his wife were not permanently separated at the time of the email communication on March 13, 2007, and were not permanently separated from that date through the date of his arrest.

While not living at home at all times relevant to this motion, the defendant and his wife remained in daily communication, saw each other daily, had not filed for divorce, had not entered into a property distribution agreement, and hoped to reconcile.

Based on the foregoing, as well as the factors set forth in the cases cited by the government in its Reply Memorandum, this Court should not conclude that Phil and Bess Etkin no longer had a marital privilege from March 13, 2007 through the date of the defendant's arrest.

## DEFENDANT'S EMAIL WAS CONFIDENTIAL DESPITE THE FACT THAT HE USED HIS WORK EMAIL ADDRESS TO SEND THE COMMUNICATION

As set forth in his Reply Affirmation, the defendant was unaware that there existed a prohibition against using his work computer or work email address for personal use. The defendant was on temporary assignment to the State Police and had not reviewed any applicable State Police rules or regulations relating to his use of the computer. By using his work email address and computer, he did not intend to waive his marital privilege. Other than the written notifications that are alleged to have been given to the defendant, he received no verbal advisement that his email was subject to review. Additionally, the government has not proffered that on any occasion did the State Police or Sheriff's Office actually monitor or review the defendant's email.

The first intrusion upon the defendant's privileged communication was when the F.B.I. seized the printed email from his car and reviewed it. This is not a case where the defendant's employer reviewed or seized the email and then turned it over to the F.B.I. The government is using an after-the-fact justification for its intrusion into and seizure of privileged materials. Interestingly, the government turned over as discovery just days before filing its Memorandum in Opposition the regulations and notices that it is now relying on to justify the violation of privilege that occurred in October, 2007.

In In re Asia Global Crossing, Ltd., 322 B.R. 247 (S.D.N.Y. 2005), the Bankruptcy Court in this District addressed the issue of whether privileged email communications sent over an employer's network eliminated the privilege. In Asia Global Crossing, the Court concluded that even in a case where there were rules prohibiting personal use of the network and there were

warnings and notices of an employer's right to monitor, the Court could not conclude as a matter of law that use of the company's email system to communicate with a personal attorney eliminated any otherwise existing privilege. Id. at 261. In Asia Global Crossing, the party asserting privilege, like the defendant here, understood that the company permitted personal use of the email system and was not specifically told that the emails would be monitored. The Court in Asia Global Crossing ultimately ruled that the privilege did not apply because the email chain was intentionally forwarded to others, but the issue was not decided adverse to the party asserting privilege based on the fact that the company's email system was utilized.

In this case, even if the notices and warnings submitted to the government were existing policies, the defendant was not on actual notice since he did not read the notices. Additionally, the circumstances of the seizure here should give the Court pause to condone the violation of privilege. This is not a case where the defendant's employer monitored his email and then forwarded the material to the F.B.I.. Here, the F.B.I. seized and reviewed the materials and is now seeking in hindsight to justify the intrusion by relying on the computer system in place at the defendant's workplace.

The Court should also reject the waiver argument made by the government based on the filing of the defendant's affirmation which included a copy of the email communication as an exhibit.

Here, unlike the case in Gangi, 1 F. Supp.2d 256 (S.D.N.Y. 1998), the email was attached as an exhibit after the adverse party (the government in this case) had already seized and reviewed the email. The Etkin affirmation was filed electronically and the filing of the email was not intended by the defendant or counsel to act as a waiver of privilege. Common sense suggests

3

that the filing of the email in connection with a matter relating to privilege was obviously not part of an intentional act to waive privilege.[1]

While Judge Chin in Gangi articulates four factors to be considered in determining whether the privilege was lost, the Court noted that the "overreaching" issue is fairness. (Id. at 267).

Unlike the case in Gangi, no other parties would be adversely impacted should the Court here conclude that no waiver occurred. Here, the government already had the privileged document so the filing of the email did not substantially increase the opportunity for a potential adversary to obtain the protected information. Id. at 267.

Finally, the argument by the government that the delay from the time the defendant became aware of the government's access to the email and the filing of the pretrial motion presents a bar to now seek relief is meritless.

As noted in the affirmation of counsel filed with the defendant's motion, government counsel was advised at the time the email was seized that a claim of privilege was being asserted. At that time the government was on notice of an alleged violation of privilege and could have elected to refrain from any additional use or review of the email. Additionally, the Court was advised at the time a motion schedule was being set that this issue would be presented and the

---

[1] It is respectfully requested that should the email which was filed electronically as an exhibit to the Etkin affirmation be considered part of the public record, that the Court immediately order that that portion of the motion be sealed and not be part of the public record. It is highly unlikely that any party other then the parties to this litigation have accessed or reviewed the email and the review by the government is meaningless here because the government had reviewed the email prior to the court filing here.

4

government did not at that time bring to the Court's or counsel's attention its view that the issue should be expedited.

Having been put on notice by letter immediately, and during earlier court proceedings, the government should not be able to ask that this motion be denied based on unreasonable delay.

## THE COURT SHOULD SUPPRESS THE EMAIL AND CONDUCT A TAINT HEARING

To the extent the defendant's motion originally sought the remedy of dismissal of the indictment, that aspect of the motion is withdrawn.

While the government cites cases from other circuit courts that frown on conducting a "taint" hearing when an alleged violation of privilege is raised, the two Second Circuit cases cited in the defendant's initial Memorandum of Law, Schwimmer and Weissman, supported conducting a hearing so that the District Court could determine if evidence had been "derived from" privileged communication.

Absent a hearing here the Court cannot determine whether the defendant has been unfairly prejudiced by the violation of privilege in this case.

While suppression of the evidence prohibiting its use as direct or 404(b) evidence would provide some relief, at the present time the defendant is unaware of what additional evidence may have been derived by review of this communication.

Government counsel has stated that he considers the email as strong evidence of "intent," in a case when intent is the critical issue at trial. If the government can establish at a hearing that no other evidence was developed as a result of this email then suppression of the evidence would

5

be a satisfactory remedy. If, however, the government read the privileged communication and then used it as a springboard to develop other evidence of intent, the Court should consider fashioning an appropriate remedy to redress that problem.

One of the critical factors warranting a hearing in this case is the cavalier manner in which the government has proceeded in the face of the assertion of privilege.

Government counsel was alerted to the claim of privilege almost immediately when defense counsel was provided with discovery. While the government faults the defendant for not seeking a court order on this issue earlier, the government could have sought judicial relief before it took the content of the email and pursued it as part of the post-indictment investigation in this case. Should this Court determine that the email is privileged, and the government violated that privilege, the government was on notice at the onset of this prosecution that there was a claim of privilege and operated at its peril. It is also worth repeating that much of the alleged support for the government's opposition here relates to things that the government has developed long after it reviewed and used the privileged material in the face of a claim of privilege. It is obvious that the government just recently obtained the notifications allegedly utilized by the State Police. Many of the current justifications argued by the government relate to things not known by the government at the time it rejected the claim of privilege made at the time of the defendant's arrest.

## CONCLUSION

Based on the foregoing, the defendant's Reply Affirmation, as well as the record in this case, it is requested that the Court conduct a hearing at which the government be required to demonstrate that its use of the March 13, 2007 email did not unfairly prejudice the defendant. At the conclusion of that hearing, the Court should determine an appropriate remedy.

DATED:      White Plains, New York
            January 11, 2008

                            Respectfully submitted,

                            BRICCETTI, CALHOUN & LAWRENCE, LLP

                            By: /s/ Kerry A. Lawrence
                            Kerry A. Lawrence
                            81 Main Street, Suite 450
                            White Plains, NY 10601
                            (914) 946-5900

                            ATTORNEYS FOR DEFENDANT
                            Philip Etkin