UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA            :     S 07 Cr. 913 (KMK)

- against -                         :

PHILIP ETKIN,                       :
                    Defendant.      :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT
## OF PRETRIAL MOTION

### FACTS

On September 27, 2007, a Grand Jury returned an indictment charging the defendant, Philip Etkin, with one count of extortion in violation of Title 18, United States Code, Section 1951. The charge in the indictment alleged that the defendant attempted to extort an individual by seeking to obtain $3,500 from him in exchange for preventing an act of violence against that individual. The conduct charged in the indictment was alleged to have occurred in August and September, 2007.

On March 11, 2008, a Grand Jury returned a superseding indictment charging the defendant in a second count with a wholly independent, unrelated act of extortion relating to a business owner. The second count charges the defendant with committing extortion by obtaining $2,500 from the owner of the Da Shark Lounge in Monticello, New York in exchange for resolving purported violations issued by the New York State Liquor Authority. The conduct charged in Count Two is alleged to have occurred from July, 2007 to August, 2007.

1

## ARGUMENT

## THE JOINDER OF THE OFFENSES CHARGED IN THE SUPERSEDING INDICTMENT WOULD SUBSTANTIALLY PREJUDICE THE DEFENDANT AND THE COURT SHOULD SEVER THE TWO COUNTS AND ORDER THE GOVERNMENT TO ELECT WHICH CHARGE SHOULD BE TRIED FIRST.

**A.  The Two Counts In The Superseding Indictment Have Been Properly Joined Pursuant To Rule 8(a).**

It is conceded that the two counts in the superseding indictment have been properly joined pursuant to Rule 8(a) of the Federal Rule of Criminal Procedure. Rule 8(a) permits the joinder of multiple charges against a defendant where the charged offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

In this case, because the two charges are for the same offense, Hobbs Act extortion, and both allege that the defendant used his position of authority in an effort to obtain money from two different individuals, it would be difficult to try to persuade the Court that the offenses have not been property joined pursuant to Rule 8(a). See United States v. Werner, 620 F.2d 922, 926-927 (2d Cir. 1980).

B.     **While The Two Counts Have Been Properly Joined, The Court Should Sever The Two Charges Pursuant To <u>Rule 14(a) To Prevent Substantial Prejudice To The Defendant.</u>**

Federal Rule of Criminal Procedure 14(a) provides as follows:

> If the joinder of offenses or defendants in an indictment, or information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

"Even though distinct offenses have been properly joined under Rule 8, the Court may order separate trials or grant a severance under Rule 14 if it appears that the defendant is prejudiced by the joinder." <u>United States v. Sampson</u>, 385 F.3d 183, 190 (2d Cir. 2004), <u>cert. denied</u>, 544 U.S. 924 (2005), quoting <u>United States v. Werner</u>, <u>supra</u> at 928.

This Court should conclude that under the facts of this case the defendant has satisfied the "heavy burden of showing that the joinder of the two charges in this case will result in 'substantial prejudice'." <u>United States v. Sampson</u>, <u>supra</u>, quoting <u>United States v. Amato</u>, 15 F.3d 230, 237 (2d Cir. 1994).

There are two reasons why the defendant would be substantially prejudiced by being tried on both of the charges in the indictment in one trial.

1.  **The Defendant Is Likely To Elect To
    Testify Relating To The Charge In
    Count One But Would Exercise His Right
    To Remain Silent As To The Charge In Count Two.**

As set forth in counsel's affirmation, it is presently contemplated that the defendant would testify at trial in defense of the charge relating to alleged extortion in Count One.

As also set forth in counsel's affirmation, it is presently contemplated that the defendant would elect not to testify in defense of the alleged extortion involving the Da Shark Lounge.

The Second Circuit as well as other courts have recognized that "prejudice may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence." Sampson, supra at 191, quoting Cross v. United States, 335 F.2d 987, 989 (D.C. Cir. 1964).

In Sampson, in finding that the trial court abused its discretion in denying a severance motion, the Court quoted from another D.C. Circuit case to explain the potential for prejudice when a defendant is faced with the dilemma of having different unrelated charges that he might wish to testify about with regard to one but not the other.

> [B]ecause of the unfavorable appearance of testifying on one charge while remaining silent on another, and the consequent pressure to testify as to all or none, the defendant may be confronted with a dilemma: whether, by remaining silent, to lose the benefit of vital testimony on one count, rather than risk the prejudice (as to either or both counts) that would result from testifying on the other.

Sampson, at 191, quoting Baker v. United States, 401 F.2d 958, 976 (D.C. Cir. 1968).

4

In adjudicating the issues presented here, and balancing the respective interest of the parties and the court, a significant factor is the impact a separate trial would have on the "economy and expedition in judicial administration." Id. at 977.

In this case, the two counts of the indictment relate to wholly separate and unrelated alleged criminal acts. None of the evidence that will be offered by the government in attempting to prove the defendant guilty of Count One would be relevant to and/or admissible at a separate trial of the charge in the second count.

Should the government claim that even at a separate trial the conduct charged in each count would be admissible under Rule 404(b) of the Federal Rule of Evidence, that claim should be rejected. The defendant would object to the admissibility of such evidence under Rule 404(b).

### 2. The Defendant Would Be Substantially Prejudiced Because One Of The Alleged Acts Of Extortion Alleges Acts Of A Violent Nature And The Other Does Not.

The first count of the indictment alleges that the defendant put the alleged victim in fear of violence as part of his attempt to obtain money.

The second count of the indictment makes no allegation of an act of violence or threat of violence.

The Second Circuit Court of Appeals has recognized that "severance may be more appropriate when unrelated evidence reflects activities of a violent nature because the risk of substantial prejudice is greater." United States v. Cardascia, 951 F.2d 474, 483 (2d Cir. 1991).

Even though both counts of this indictment charge violations of the same statute, the "violent" aspect of one charge not present in the second count suggests that separate trials are warranted.

## CONCLUSION

Based on the foregoing, it is respectfully requested that defendant's motion for severance pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure should be granted.

DATED: White Plains, New York
April 18, 2008

Respectfully submitted,

BRICCETTI, CALHOUN & LAWRENCE, LLP

By: _____
Kerry A. Lawrence
81 Main Street, Suite 450
White Plains, NY 10601
(914) 946-5900

*ATTORNEYS FOR DEFENDANT*
*Philip Etkin*