UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA         :

    - v -                                          :     S 07 Cr. 913 (KMK)

PHILIP ETKIN,                              :

                                  Defendant.         :
------------------------------------------------------------x

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S SEVERANCE MOTION

                                                               MICHAEL J. GARCIA
                                                               United States Attorney for the
                                                               Southern District of New York,
                                                               Attorney for the United States
                                                                   of America

JOHN P. COLLINS, JR.
Assistant United States Attorney

   - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA           :

    -v.-                                               :       S 07 Cr. 913 (KMK)

PHILIP ETKIN,                                    :

              Defendant.            :
------------------------------------------------------x

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S SEVERANCE MOTION

### PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to defendant's motion to sever Counts One and Two of the Superseding Indictment. Defendant argues that even though the offenses are properly joined under Fed. R. Crim. P, 8(a), this Court should still sever the counts pursuant to Fed. R. Crim. P. 14(a) because: (1) "the defendant is likely to elect to testify" about the events charged in Count One, "but would exercise his right to remain silent as" to the events charged in Count Two, (Br. 4); and (2) trying both counts together would prejudice the defendant because Count One has a "violent aspect," (Br. 5), that Count Two does not. Defendant's motion is meritless and should be denied.

### RELEVANT FACTS

On September 27, 2007, the Grand Jury returned a one count Indictment charging the defendant with violating the Hobbs Act. Specifically, the defendant is charged with attempting to extort $3,500 from an individual in Middletown, New York, in exchange for preventing a

1

purported act of violence against the individual.

On March 11, 2008, the Grand Jury returned a superseding Indictment charging the defendant with two violations of the Hobbs Act. Count One of the Superseding Indictment charges the same violation as Count One of the original Indictment. Count Two of the Superseding Indictment charges the defendant with extorting approximately $2,500 from the owner of Da Shark Lounge in Monticello, New York in exchange for resolving purported violations issued by the New York State Liquor Authority.

## ARGUMENT

### THE DEFENDANT HAS NOT MET HIS BURDEN OF SHOWING THAT A JOINT TRIAL WOULD CAUSE HIM SUBSTANTIAL PREJUDICE

Defense counsel's contention – without any further elaboration – that his client "is likely to elect to testify" (Etkin Mem. 4), concerning Count One is the classic example of "a mere unexplicated assertion" that the Court of Appeals has found insufficient to merit a severance pursuant to Fed. R. Crim. P. 14. Moreover, defendant's apparent contention that Count Two should be severed from Count One because the "'violent aspect of one charge not present in the second count suggests that separate trials are warranted" (Br. 5), should be rejected because as defense counsel concedes – both counts are properly joined and charge the "same offense." (Br. 2).

**A.   There Is No Basis For Severing the Counts Based Upon Defense's Counsel Unsupported Statement That His Client Is Likely To Testify Concerning Count One But Not Count Two.**

The Court of Appeals had held that "[e]ven though distinct offenses have been properly joined under Rule 8, the court may order separate trials or grant a severance under Rule 14 if it appears that the defendant is prejudiced by the joinder." United States v. Sampson, 385 F.3d 183,

2

190 (2d Cir. 2004) (quoting United States v. Werner, 620 F.2d 922, 928 (2d Cir. 1980)). "In order to prevail, the defendant must show not simply some prejudice but substantial prejudice." Sampson, 385 F.3d at 190 (emphasis in original) (quoting Werner, 620 F.2d at 928). The Second Circuit has further held that: "Granting separate trials under Rule 14 simply on a showing of some adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8(a), since this type of 'prejudice' will exist in any Rule 8(a) case." Sampson, 385 F.3d at 190 (emphasis in original) (quoting Werner, 620 F.2d at 929 and citing United States v. Amato, 15 F.3d 230, 237 (2d Cir. 1994) ("Given the balance struck by Rule 8, which 'authorizes some prejudice' against the defendant, a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in 'substantial prejudice.'").

A defendant who seeks a severance by claiming that he wishes to testify as to one count but not as to another must make "a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." Sampson, 385 F.3d at 191 (quoting Werner, 620 F.2d at 930). "[A] mere unexplicated assertion" of the desire to testify on only one count "is not enough" to establish the substantial prejudice sufficient to warrant separate trials. Sampson, 385 F.3d at 191 (quoting Werner, 620 F.2d at 930).

Here, the defendant has failed to make the requisite showing of substantial prejudice. All that the defendant states – through defense counsel – is that "[w]hile any decision as to whether a defendant elects to testify at a criminal trial has to await the conclusion of the presentation of the government's case in chief, it is most likely that the defendant would elect to testify in defense of the charges in Count One but elect not to testify in defense of the charges in Count Two." (Lawrence Aff. ¶ 2).

Notably, defense counsel's statement does not even promise that the defendant will testify – couching that decision as one that will be made after the Government's case-in-chief – thus depriving this Court of the ability to "intelligently . . . weigh the considerations of economy and expedition in judicial administration," Baker v. United States, 401 F.2d 958, 977 (D.C. Cir. 1968), and creating a scenario where this Court might sever the counts for naught.

Further, defense counsel's unelaborated statement of his client's desire to testify as to Count One but not Count Two is the paradigmatic example of an instance where the defendant has given "no explanation whatever as to what his testimony would be with respect to [one count] or why he could not have given such testimony at a joint trial." Werner, 620 F.2d at 930; see United States v. Saad, 380 F. Supp. 2d 286, 288 (S.D.N.Y. 2005) (rejecting Rule 14 severance motion because "Saad relies on such an 'unexplicated assertion,' and this alone will not meet her heavy burden"). Because the defendant offers only a mere "unexplicated assertion" of his desire to testify on only one count of the Indictment, this Court should reject his severance motion. Sampson, 385 F.3d at 191.[1]

---

[1] Defense counsel requests that "any further elaboration on this issue be made ex parte and not be made part of the public record in this case . . . [b]ecause [such] further elaboration of the reasons why the defendant is inclined to testify in defense of Count One but not Count Two would disclose trial strategy." (Lawrence Aff. ¶ 3).

Separate and apart from the fact that the defendant offers no support in case law for the above argument, the cases considering a Rule 14 severance in the present circumstances all appear to rely on a defendant's statements concerning his desire to testify as to certain counts and not to testify as to other counts. See, e.g., Sampson, 385 F.3d at 191 (specifying specific topics about which Sampson would have testified); United States v. Rollack, 64 F. Supp. 2d 255, 258-59 (S.D.N.Y. 1999) (quoting at length from the defendant's affidavit concerning his proposed testimony). Other Court of Appeals have made clear that it is the defendant's burden to specify what his testimony will be concerning the counts as to which he will testify and his reasons for not testifying as to other counts. See United States v. Fenton, 367 F.3d 14, 22 (1st Cir. 2004) (denial of severance upheld because defendant failed to specify what he would testify about in separate trial); United States v. Alexander, 135 F.3d 470, 477 (7th Cir. 1998) (denial of

4

Moreover, where the evidence from the count to be severed would be admissible during the trial of the other count, "there can be no prejudice from joining the counts and severance under Rule 14 is unnecessary." Saad, 380 F. Supp. 2d at 289 (citing United States v. Lane, 474 U.S. 438, 450 (1986)).

Here, defense counsel has stated that there is a possibility that the defendant will testify concerning Count One, which charges the defendant with attempting to extort $3,500 from an individual in Middletown, New York, in exchange for preventing a purported act of violence against the individual. Based upon the fact that three meetings with the victim – in late August and early September 2007 – were taped and there is a videotape of the defendant taking money from the victim, it is not surprising that defense counsel, during prior pre-trial conferences, has indicated to this Court that he believes that the defendant's intent to commit extortion is an issue in the case.

Accordingly, defendant's actions in Count Two – extorting approximately $2,500 from the owner of a nightclub by telling him that if he did not pay that amount he would face $25,000 in New York State Liquor Authority violations – are highly probative of his intent while interacting with the victim of the attempted extortion charged in Count One. Indeed, the extortion charged in Count Two occurred in in the summer of 2007 – right before the events charged in Count One. As a result, the fact that the defendant was engaging in the same course

---

severance upheld because of failure to give specific examples of testimony that defendant would offer at trial of one charge if it were severed from other charges on which wished to remain silent).

Moreover, in order to satisfy his heavy burden by setting forth his testimony, at least one court ha concluded that "the defendant may be required to reveal some of his trial strategy." United States v. Washington, 819 F. Supp. 358, 367 (D. Vt. 1993) (citation omitted).

5

of conduct is admissible to prove his "motive . . . intent, preparation, plan, knowledge . . . or absence of mistake or accident," Fed. R. Evid. 404(b), concerning the events charged in Count One.

Therefore, defendant's Rule 14 severance motion should be denied. See Werner, 620 F.3d at 930 (denying Rule 14 severance because, among other reasons, "evidence of the 1976 crime would have been admissible at a trial on the 1978 robbery whether [the defendant] testified at the latter or not"); United States v. Broccolo, 797 F. Supp. 1185, 1192 (S.D.N.Y. 1992) (denying Rule 14 severance motion where defendant wished to testify as to one count but not the other seven counts because, among other reasons, "evidence concerning Counts One through Seven would likely be admissible on the Government's direct case in a trial of Count Eight, to prove knowledge and intent").

### B. The Commission Of One Count Of Hobbs Act Extortion By Wrongful Use Of Threatened Force, Violence Or Fear Does Not Provide A Basis For Severance.

Defendant argues that because Count One "alleges that the defendant put the alleged victim in fear of violence as part of his attempt to obtain money . . . the 'violent' aspect of one charge not present in the second count suggests that separate trials are warranted." (Etkin Mem. 5). However, as the defendant concedes earlier in his brief, "the two charges are for the same offense, Hobbs Act extortion . . . [and] have been properly joined." (Etkin Mem. 2). Defendant's argument that the counts must be severed because Count One charges that the extortion was committed not only under color of official right but also through the wrongful use of threatened force, violence or fear is meritless.

First, while the defendant informed the victim that he was the subject of a "mafia contract" in order to obtain money from the victim in Count One, the Government will not be

proving in its case-in-chief that such a "mafia contract" existed or that any of the claims that the defendant made about alleged Genovese crime family members are true. Further, while the defendant claimed that the alleged Genovese crime family member who was supposedly seeking to hurt the victim engaged in crimes of violence, there will be no evidence that the defendant assaulted the victim or committed any violent acts in attempting to extort the victim. Nor does the defendant point to <u>any</u> facts concerning Count One that would cause such substantial prejudice that a jury would be unable to fairly decide Count Two. Writ simple, in both Count One and Count Two, the defendant employed a fallacious story to try and extort money from his victims.[2] That the defendant <u>himself</u> chose to predicate the extortion charged in Count One upon a story involving the Genovese crime family does not entitle him to a severance.

In addition, defendant's reliance upon <u>United States</u> v. <u>Cardascia</u>, 915 F.2d 474 (2d Cir. 1991), is inapposite. It is true that the Court of Appeals has recognized that "severance may be more appropriate when unrelated evidence reflects activities of a violent nature because the risk of substantial prejudice is greater," <u>United States</u> v. <u>Cardascia</u>, 951 F.2d at 483, but that statement must be put in its proper context. The very next line in the <u>Cardsacia</u> court's opinion stated: "The unrelated evidence presented in the instant case revealed only another bank fraud scheme; disparity in the quantity of evidence and of proof of culpability are inevitable in any <u>multidefendant</u> trial, and by themselves do not warrant a severance." <u>Id.</u> (emphasis added). <u>Cardascia</u> dealt with the potential for prejudicial spillover in the context of a multi-defendant trial which is not applicable in the present case charging a single defendant with two counts

---

[2] The Government intends to prove that Etkin attempted to extort and extorted the victims in Counts One and Two under color of official right, and that he attempted to extort the victim in Count through the wrongful use of threatened force, violence and fear.

7

charging the same violation.

As previously stated, a defendant must meet a high standard to show Rule 14 prejudice. See United States v. Walker, 142 F.3d 103, 110 (2d Cir. 1998) (holding that the prejudice must be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials."). Here, a severance would be futile because evidence that the defendant attempted to extort an individual in Middletown, New York under color of official right and through the use of fear would be admissible under Fed. R. Evid. 404(b) to prove the defendant's intent to extort the owner of Da Shark Lounge under color of official right.

Finally, any conceivable prejudice would be addressed by the standard instruction that "each charge must be considered separately and that the decision on one charge should not be influenced by the decision on the other." United States v. Bergerstock, Crim. No. 93-CR-266, 1994 WL 449019, at *4 (N.D.N.Y. Aug. 17, 1994); see also United States v. Feyrer, 333 F.3d 111, 115 (2d Cir. 2003) (affirming denial of Rule 14 severance based upon the district court's determination that "to the extent any prejudice arose it could be cured by jury instructions and by the careful presentation of evidence by competent counsel"); United States v. Moses, No.1:05-CR-133-01, 2008 WL 794466, at *2 (D.Vt. Mar. 24, 2008) (rejecting severance motion invoking Rule 14(a) in which defendant was seeking to testify as to some counts and not others, in part, because "proper jury instructions will minimize any prejudice – the jury will be instructed on the elements of each crime charged and told that each charge must be considered separately").

## CONCLUSION

For the foregoing reasons, defendant's motion to sever Counts One and Two must be denied.

Dated: May 2, 2008
       White Plains, New York

                                    Respectfully submitted,

                                    MICHAEL J. GARCIA,
                                    United States Attorney for the
                                    Southern District of New York,
                                    *Attorney for the United States of America*

                               By: _____
                                  John P. Collins, Jr.
                                  Assistant United States Attorney
                                  (914) 993-1919

## AFFIRMATION OF SERVICE

JOHN P. COLLINS, JR., pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that:

On May 2, 2008, I served one copy of the within Government's Memorandum of Law in Opposition to Defendant's Severance Motion by causing the same to be enclosed in an envelope sent by US Mail and addressed to:

Kerry A. Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP
81 Main Street, Suite 450
White Plains, NY 10601

and causing the envelope to be placed in the outgoing mail for delivery from 300 Quaroppas Street, White Plains, New York 10601.

Executed on May 2, 2008, at White Plains, New York.

JOHN P. COLLINS, JR.
Assistant United States Attorney
Tel. No.: (914) 993-1919