BRICCETTI, CALHOUN & LAWRENCE, LLP
ATTORNEYS AT LAW
81 MAIN STREET
SUITE 450
WHITE PLAINS, NEW YORK 10601

VINCENT L. BRICCETTI*
CLINTON W. CALHOUN, III**
KERRY A. LAWRENCE*

*ALSO ADMITTED IN CT
**ALSO ADMITTED IN VA & DC

(914) 946-5900

FAX (914) 946-5906

May 9, 2008

Hon. Kenneth M. Karas
United States District Court Judge
U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    USA v. Philip Etkin
              Docket No. 07 CR. 913 (KMK)

Dear Judge Karas:

    This letter is being submitted in reply to the government's memorandum in opposition to the defendant's severance motion.

    The government suggests that because the defendant has not agreed to be bound to a decision to testify at a trial of the charges in Count One and not to testify at a trial of the charges in Count Two that the Court should not grant his severance motion. This position is meritless.

    If the counts are severed, the defendant will testify at one trial but not the other. This representation is being made in good faith and not for the purpose of artificially creating a basis to seek a severance. As the government and the Court must recognize, however, any present intention to testify at one or two trials is necessarily subject to being changed as the prosecution progresses. No defendant can make this election in advance of being provided with 3500 material or evaluating the evidence that is introduced in the government's case in chief. If the government is suggesting that only a defendant who makes an irrevocable commitment to testify or not to testify at trial is entitled to consideration of a severance that claim should be rejected. While it is reasonable for the Court to make a threshold determination as to whether a defendant legitimately intends to testify in defense of one but not all of the charges in a single indictment, the Court cannot compel a defendant to make that determination without the defendant reserving his right to alter that determination at the conclusion of the government's case in chief.

Hon. Kenneth M. Karas
Page 2
May 9, 2008

      The Court should also reject the government's claim that the defendant be required to preview on the public record his direct testimony to be offered at trial. The government is not entitled to disclosure of this information and the Court should not compel the defendant to do so. As stated in the defendant's initial motion, the defendant is prepared to disclose the substance of his likely testimony, to the extent it can be formulated at the present time, but he should be permitted to do so ex parte.

      The government states that if there were separate trials it would seek pursuant to Rule 404(b) of the Federal Rules of Evidence to offer evidence of both alleged schemes to extort. While any defense of both charges will raise the issue of intent, the Court should determine that admitting evidence of one alleged extortion at a separate trial of the other alleged extortion would be more prejudicial than probative and inadmissible under Rule 403 of the Federal Rules of Evidence. Additionally, the fact that the issue presented here involves a single defendant being charged with the same statutory violation does not negate the prejudicial spillover that would result where one of the alleged schemes involved violence and one did not. No curative or limiting instructions would sufficiently protect the defendant from the substantial prejudice that would result by admitting evidence of conduct alleged in Count One at a trial of the charges in Count Two.

      Finally, perhaps the greatest justification favoring joint trials is the recognition of the impact and burden separate trials have on the Court and the public. In this case there is no, or perhaps diminimus overlap of evidence. Other than the time required to pick a second jury, which admittedly would require 24 rather than 12 citizens to perform their service as jurors, there would be virtually no additional judicial resources expended by conducting separate trials. The government's evidence will consist almost entirely of the testimony of the two alleged victims, and neither individual has any knowledge about or relevant evidence to offer as to the other person's involvement with the defendant. Common sense and experience also suggests that the verdict of any first trial might result in the second trial not even going forward.

      For all of the foregoing reasons, as well as the arguments set forth in the defendant's motion, it is requested that the motion for separate trials be granted.

      Respectfully submitted,

      Kerry A. Lawrence

cc: AUSA John P. Collins, Jr.